# IN THE COURT OF APPEALS OF IOWA

No. 13-1069
Filed October 1, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHN MICHAEL SACCO,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

John Sacco appeals from three convictions, asserting the evidence leading to his arrest and convictions was obtained through an unlawful search under article I, section 8 of the Iowa Constitution and under the Fourth Amendment to the United States Constitution. **REVERSED AND REMANDED.**

Aaron D. Hamrock of McCarthy & Hamrock, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John Sarcone, County Attorney, and Daniel C. Voogt, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

John Sacco appeals from his convictions for possession of a controlled substance with intent to deliver, possession of a controlled substance, and failure to possess a tax stamp. He asserts the evidence leading to his arrest and convictions was obtained through an unlawful search under article I, section 8 of the Iowa Constitution and under the Fourth Amendment to the United States Constitution.

### I. Factual and Procedural Background

Sacco was sentenced on an unrelated charge in 2011 and entered into a probation agreement. One of the terms of his probation agreement stated, "I will submit to a search of my person, property, residence, vehicle, or personal effects, at any time with or without a search warrant or arrest warrant, if reasonable suspicion exists, by a police officer or probation/parole officer."

In November 2012, Sacco's probation officer received information from a probation officer in another district suggesting Sacco may have been harboring a parolee who had absconded. She received further information from that same officer suggesting Sacco may have been involved in drug trafficking. Sacco's probation officer was not personally familiar with the informing officer, and the source of the information provided was unknown to her.

Pursuant to that information, Sacco's probation officer sent a warrant team to Sacco's residence. The team consisted of two Polk County Sheriff's deputies and a supervisor from the probation office. No search warrant was requested for the team's search of Sacco's house. Members of the team later explained they believed no warrant was necessary due to Sacco's status as a probationer and

the terms of his probation agreement. Sacco did not refuse the team's entrance when they arrived, but he refused to sign a consent form for the search of his residence.

The team discovered drugs in the house, ultimately leading to the charges and convictions at issue on this appeal. Sacco moved to suppress the evidence, but the district court denied the relevant part of the motion. Sacco now appeals, asserting the search violated both the federal and state constitutions.

**II. Scope and Standard of Review**

"We review claims the district court failed to suppress evidence obtained in violation of the federal and state constitutions de novo." *State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012).

**III. Discussion**

Sacco asserts article I, section 8 of the Iowa Constitution renders the deputies' search unlawful. Article I, section 8 provides:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized.

Iowa Const. art. I, § 8. The State asserts that the analogous federal constitutional provision controls and urges us to rely on the United States Supreme Court's ruling in *Griffin v. Wisconsin*, 483 U.S. 868 (1987).

Our supreme court recently had cause to revisit this precise issue in *State v. Short*, 851 N.W.2d 474, No. 12-1150 (Iowa July 18, 2014).[1] Our supreme

---

[1] We note that *Short* is applicable authority even though the decision was not published until after both parties had submitted their briefs because *Short* "simply 'clarifie[d]'

court has now stated unequivocally that "under article I, section 8 [of the Iowa Constitution], the warrant requirement has full applicability to home searches of both probationers and parolees by law enforcement." *Short*, slip op. at 57.[2] The court expressly rejected the argument that a probation agreement limits the constitutional warrant requirement even if the agreement explicitly so provides. *Id.* at 56.

> [I]t simply cannot be said that the government, by simply announcing that warrantless searches may occur, can eviscerate the right to be left alone inherent in article I, section 8. . . . If a government announcement that a citizen is no longer free from unwarranted home search overrode the requirements of article I, section 8, citizen protections would be dramatically undermined. . . . While we recognize that the probation agreement [provides probationers] with notice that the State assert[s] the right to execute warrantless searches, we do not think notice eviscerates the warrant requirement for home searches.

*Id.*

The protection the Iowa Constitution grants to probationers and parolees is greater than that provided by the Fourth Amendment to the United States Constitution. *Id.* at 60. "The United States Supreme Court . . . has engaged in innovations that significantly reduce the protections of the Warrant Clause of the Fourth Amendment. We decline to join the retreat under the Iowa Constitution." *Id.*

---

ambiguities in existing law," and did *not* "overrule[] prior authoritative precedent on the same substantive issue." *Goosman v. State*, 764 N.W.2d 539, 544 (Iowa 2009). Indeed, the court in *Short* noted specifically that it relied upon rather than overruled prior case law to reach its conclusion. *Short*, slip op. at 60 (citing *State v. Cullison*, 173 N.W.2d 533 (Iowa 1970)). Under these circumstances, *Short* would apply retroactively to Sacco's claim on both direct *and* collateral review. *Goosman*, 764 N.W.2d at 544.

[2] *Short* is slated for publication in the North Western Reporter, but because publication is in process and final page numbers are unavailable, we cite to its slip opinion page numbers throughout.

The State asserts the legality of the search at issue here is "controlled by *Griffin*." In regard only to Sacco's federal constitutional claim, we agree with the State that the search was supported by sufficient information to satisfy the United States Supreme Court's lowered burden for searches of probationers and parolees. *Griffin*, 483 U.S. at 879–80.

However, because the Iowa Constitution provides superior protections for probationers than does the federal constitution, the State's reliance on *Griffin* does not satisfy our state's unique constitutional requirements. The Iowa Constitution required a warrant—and probable cause—for the search of Sacco's home.

The district court's reliance on *State v. Ochoa*, 792 N.W.2d 260, 290 (Iowa 2010), to admit evidence based loosely on the "special needs" doctrine is outmoded by *Short*.[3] *See Short*, slip op. at 46, 52. The "special needs" doctrine is an element of the United States Supreme Court's Fourth Amendment jurisprudence and has no effect on the power of the Iowa Constitution. *Id.* at 52. Our supreme court rejected this type of doctrine: "[S]ocio-juristic requirements to evade the constitutional command of the need for a search warrant [are] unacceptable." *Id.* (citing *State v. Cullison*, 173 N.W.2d 533, 536 (Iowa 1970)).

The district court's argument that Sacco consented to the search is also unpersuasive. Sacco refused to sign a consent form. Insofar as he did not deny the officers admission to his home, the State cannot rely merely on his acquiescence to the officers to establish consent. *See Ochoa*, 792 N.W.2d at

---

[3] The State appears to agree that reliance on *Ochoa* is not persuasive—it fails to assert the district court's bases as a good cause to affirm and instead relies on its own Fourth Amendment argument asserted (but not ruled upon) below.

292.  This is especially true when "the claim of lawful authority . . . turns out to be invalid."  *Id.*  The officer's inaccurate claim of authority based on the probation agreement invalidated any hypothetical consent.  *See Short*, slip op. at 56.

Because the Iowa Constitution requires a valid warrant be issued before searching a probationer's home,[4] the district court erred in admitting rather than suppressing the evidence found as a result of the search.  We therefore reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[4] The State suggests (but does not argue or cite legal authority for) an alternative claim that the search in this case was not a "search," but a mere home visit.  This assertion is belied by the State's primary argument: that the deputies (i.e. law enforcement) and the probation officer conducted a *search* that was justified.  The facts of this case indicate that a search and not a mere home visit occurred; the warrant team searched Sacco's home only pursuant to a tip that a fugitive or some drug-related evidence may be found there.  The search was not merely "supervision by probation officers pursuant to their ordinary functions."  *Short*, slip op. at 60.  Therefore the warrant requirement has full effect on these facts.  *Id.*